IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFAYETTE CADE, | No. C 08-00585 WHA (PR) |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| BREWER, et al., | |
| Defendants. | |

**INTRODUCTION**

This is a civil rights case filed pro se by a state prisoner under 42 U.S.C. § 1983. Defendants removed this matter from state court under 28 U.S.C. § 1441(b). After an initial screening, the Court found the complaint stated cognizable claims against defendants Yates and Kervorkian at Pleasant Valley State Prison ("PVSP") and dismissed with leave to amend claims against all remaining defendants. Plaintiff did not file an amended complaint in the time provided. Defendants Yates and Kervorkian have filed an unenumerated motion to dismiss for failure to exhaust administrative remedies. Defendamt Kervorkian has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both defendants also filed a motion for summary judgment, (docket no. 18). Plaintiff has not filed an opposition, although he was given an opportunity to do so. For the reasons set forth below, defendants' motion for

summary judgment is GRANTED.  The remaining motions are denied as moot.

**DISCUSSION**

**A.     Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Ibid.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial *Ibid*.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins.  *Ibid.*  Where the nonmoving party has failed to file an opposition, a district court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

**1.     Claim against Defendant Yates**

Plaintiff alleges that from July 7, 2004, to December 28, 2005, his outgoing legal mail was intercepted and that he received fake correspondence from the court.  (Compl.[1] at 1-2.) Plaintiff alleges that the actions of various prison officials with regards to his legal mail  "were

---

[1] All references to the Complaint begin at "First Cause of Action, Intentional Tort/Civil Rights" attachment, (Defendants' Notice of Removal, Exhibit A).

2

promulgated and or enforced by the supervising and or governing officials of Pleasant Valley State Prison... and committed with the actual or constructive knowledge of... [defendants] James Yates, warden of Pleasant Valley State Prison, being the policy, procedure, practice or custom of these officials or a direct result of their negligence in hiring, training and supervising or their omission of policy or procedure to prevent the occurrence of a pattern of behavior or practice... to obstruct plaintiff and other inmates in the free exercise and enjoyment of their rights to petition the government for redress of their grievances." (Id. at 2.) Other than this single statement, Plaintiff makes no factual allegations of defendants Yates' personal actions with respect to his legal mail.

Contrary to plaintiff's allegations, defendant Yates denies setting policies to interfere with plaintiff's legal mail or that he encouraged practices that included sending plaintiff fake correspondence. (Yates Decl. ¶¶ 5-6.) Defendant Yates contends that his only involvement in inmate mail policies was with respect to the PVSP Operations Procedure ("OP"), which was prepared by his staff and issued on his approval. (Id.) The purpose of the Operations Procedure is to implement the policies and procedures stated in the California Code of Regulations, Title 15 and the CDCR Department Operations Manual. (Defs.' Mot. at 12.) Defendant Yates argues that the OP which he approved strictly forbids reading confidential mail:

> "Inmates may correspond confidentially with any persons or staff members listed below. Confidential correspondence shall not be read by any staff member, except as prescribed in CCR Title 15, Sections 3142, Processing of Outgoing Confidential Mail."[2]
>
> "Confidential correspondence is a right guaranteed by law."
>
> "The staff member receiving confidential or legal mail shall, in the presence of the inmate, shake out the contents of the letter by holding the material upside down or turning the material away so as to prevent inadvertent reading of the

---

[2] California Code of Regulations, Title 15, Section 3142(d) states: "Inmates shall post confidential mail by presenting the mail unsealed to designated staff. In the presence of the inmate, the staff shall remove the contents of the envelope upside down to prevent reading of the contents. Staff shall remove the pages and shake them to ensure there is no prohibited material, consistent with these regulations. If no prohibited material is discovered, the contents shall be returned to the envelope and sealed. Staff shall place their signature, badge number and date across the sealed area on the back of the envelope. Staff shall then deposit the confidential mail in the appropriate depository."

3

1    contents."

2    (Yates Decl. ¶ 8, and Exhs. A-B, pp. 22, 24.)

Plaintiff's single conclusory statement in the Complaint alleging defendant Yates was involved in obstructing his right of access to courts is insufficient to survive defendant's unopposed motion for summary judgment. Defendant Yates has set forth sufficient evidence to demonstrate the absence of a genuine issue of material fact as to his culpability in encouraging unlawful policies and practices that infringed on plaintiff's right of access to courts. *Celotex Corp.,* 477 U.S. at 323. Defendant Yates declares that he has no personal recollection of plaintiff or of plaintiff's inmate appeals or lawsuits, (Yates Decl. ¶ 3). Nor does the Complaint contain any factual allegations or documents to indicate that defendant Yates had any personal contact with plaintiff or notice of plaintiff's grievances. Furthermore, the evidence shows that rather than promulgating unlawful policies, defendant Yates sought to maintain state laws and regulations protecting inmates' rights with respect to their mail. In sum, the papers submitted by defendant Yates are sufficient to support the motion for summary judgment and do not on their face reveal a genuine issue of material fact. *See Incline Village*, 47 F.3d at 1520. Defendant Yates is entitled to summary judgment on plaintiff's claim.

**2.    Claim against Defendant Kervorkian**

Plaintiff claims that between November 24, 2005 and January 2, 2006, he was deprived of an adequate law library because the Administrative Segregation Unit ("ASU") library had no books on federal law, specifically the "Federal Judicial Procedure and Rules, Federal Reporters, Supreme Court Digest, Federal Practice Digests, or Federal Civil Rules Handbook." (Id. at 5.) Plaintiff claims that defendant Kervorkian "was responsible for ensuring the availability of these books for plaintiff's use, but he did not." (Compl. at 5.)

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in

4

1  the prison's program hindered his efforts to pursue a non-frivolous claim concerning his
2  conviction or conditions of confinement. *See id.* at 354-55.

3        Defendant Kervorkian, the senior librarian at PVSP, contends that plaintiff was not
4  deprived of an adequate law library because he had access to law books, including updated
5  federal law sources, through PVSP's circulating law library, which was available to inmates in
6  the ASU during 2006-2006. (Defs.' Mot. at 13.) Defendant Kervorkian states that an inmate in
7  ASU could obtain a particular volume through the circulating library by making a written
8  request to the ASU librarian who would then order the volume from the librarian of the
9  circulating law library. (Kervorkian Decl. ¶ 7.) According to defendant Kervorkian, the ASU
10 librarian would notify the inmate when the volume was received, and then retain the volume in
11 the ASU library for up to three days during which time it would be available for use by any
12 inmate. (*Id.*) If the requesting inmate is unable to use the volume during the three-day period,
13 the facility librarian may retain the volume for an additional four days. (*Id.*)

14       Assuming the ASU library did not have federal law books as plaintiff alleges, it cannot
15 be said that the prison's legal access program was inadequate if plaintiff had access to law
16 books through the circulating library. Plaintiff makes no allegation indicating that he was
17 denied access to the circulating library in the Complaint. Furthermore, Defendant Kervorkian
18 has submitted evidence showing that plaintiff filed several actions during the time in question,
19 including a civil rights complaint under 42 U.S.C. § 1983, in which he makes numerous
20 citations to federal law. (Defs.' Mot. 9.) Accordingly, plaintiff has failed to show actual injury,
21 *i.e.*, that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous
22 claim concerning his conviction or conditions of confinement. *See Lewis*, 518 U.S. at 354-55.
23 Defendant Kervorkian is entitled to summary judgment on plaintiff's claim.

## CONCLUSION

26       Defendants Yates and Kervorkian's motion for summary judgment (document number
27 18 on the docket) is **GRANTED**. Defendants' motion to dismiss for failure to exhaust and for
28 failure to state a claim upon which relief can be granted are DENIED as moot. All remaining

1  claims against the other defendants are DISMISSED without prejudice for plaintiff's failure to
2  file an amended complaint in the time provided, (*see* docket no. 17).
3      The clerk shall close the file.
4  **IT IS SO ORDERED.**
5  Dated:   January 13, 2010

                        WILLIAM ALSUP
6                          UNITED STATES DISTRICT JUDGE

21  G:\PRO-SE\WHA\E.D. CAL\Cade00585.EDCA.MSJ.wpd

United States District Court
For the Eastern District of California